RENDERED:  MAY 1, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0809-MR

AUGUST PROPERTIES, LLC                                                    APPELLANT


APPEAL FROM SCOTT CIRCUIT COURT
v.        HONORABLE JEREMY MICHAEL MATTOX, JUDGE
ACTION NO. 15-CI-00691


SPIRIT SPE PORTFOLIO CA STORES, LLC
AND GPM APPLE, LLC                                                        APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, CETRULO, AND EASTON, JUDGES.

CETRULO, JUDGE:  August Properties, LLC ("August Properties") appeals the Scott Circuit Court order dismissing its claims and a subsequent order denying its motion to alter, amend, or vacate the prior order.  August Properties sought shared maintenance costs for an access easement, but the circuit court determined there was an agreement to the contrary and denied August Properties' request.  Finding no reversible error, we affirm.

# BACKGROUND

August Properties owned a commercial subdivision in Georgetown, Kentucky, that was subsequently divided into four lots. The largest of those four lots is a shopping center called Pioneer Plaza. An access easement known as Mary Lynn Drive connects the four lots (the entire commercial subdivision) with U.S. Highway 25. In 2015, Appellee Spirit SPE Portfolio CA Stores, LLC ("Spirit") purchased two of the smaller lots adjacent to Pioneer Plaza. Spirit then leased those lots to Appellee GPM Apple, LLC ("GPM Apple"), which operates a convenience store and gas station on the property.

In December 2015, August Properties filed suit in Scott Circuit Court seeking an injunction based on trespass onto private property and sought contribution from Spirit and/or GPM Apple for maintenance and upkeep of the Mary Lynn Drive easement and its Pioneer Plaza parking lot. In February 2017, GPM Apple filed an answer and counterclaim alleging August Properties failed to maintain Mary Lynn Drive causing monetary damages.[1] GPM Apple sought an order compelling August Properties to maintain the easement pursuant to public subdivision plats of record in the Scott County Clerk's office that specifically stated all roads and drainage easements were to be maintained by Pioneer Plaza.

---

[1] GPM Apple alleged that due to August Properties' failure to maintain Mary Lynn Drive, it had been cited by code enforcement and had undertaken maintenance of the easement (maintenance that was obstructed by one of August Properties' owners).

In late 2017, both parties (August Properties and Spirit/GPM Apple jointly) filed cross-motions for summary judgment. In May 2020, the circuit court denied August Properties' motion and granted that of Spirit/GPM Apple. In part, the circuit court determined that as landlords, Spirit conducted no business on the property and thus, as a matter of law, could not be liable for trespass. Further, the court noted that as a rule, a landlord is not liable for the negligent acts of its tenants, and therefore, even if GPM Apple had trespassed, Spirit would be entitled to summary judgment. Additionally, the circuit court determined August Properties failed to establish that GPM Apple either intentionally or negligently trespassed (or instructed third parties to park, block, or otherwise trespass) on its property. However, the circuit court held that *because* there was no easement maintenance agreement, August Properties bore the entirety of that burden.

On appeal, this Court affirmed the circuit court's trespass claim dismissal but disagreed as to maintenance responsibilities and found an issue of material fact. *August Props., LLC v. Georgetown Med. All., LLC*, No. 2020-CA-0729-MR, 2022 WL 188064, at *2 (Ky. App. Jan. 21, 2022) (consolidated appeal). This Court held that – pursuant to *Baker v. Hines*, 406 S.W.3d 21, 30 (Ky. App. 2013) – maintenance costs for the easement should be split reasonably between the parties *unless* "an agreement to the contrary" existed. *Id.* at *3 ("[I]n the absence of an agreement to the contrary as set forth in the document creating an easement,

where an easement is jointly used by the dominant and servient estates, the cost to maintain the easement should be equitably divided between the two estates."). This Court remanded for a determination of the parties' maintenance obligations under *Baker*, and in particular, for a finding regarding the existence of a contrary agreement. *Id.* at *4. In the absence of such an agreement, then the maintenance costs were to be "equitably divided," subject to a reasonableness standard. *Id.*

August Properties did not further appeal the dismissal of its trespass claim and on remand, the circuit court ordered the parties to mediation. The parties could not reach an agreement, but it was revealed through mediation that August Properties no longer owned the portion of Mary Lynn Drive for which it sought maintenance costs.

In February 2023, GPM Apple moved to dismiss its counterclaim. In support of its motion, GPM Apple asserted as the Court of Appeals affirmed the dismissal of August Properties' trespass claim, and August Properties' action to seek maintenance costs was predicated on that trespass claim, the only remaining claim was its counterclaim. Additionally, GPM Apple argued that consistent with *Baker*, there was "an agreement to the contrary" – placing the maintenance burden on August Properties– as there were two plats recorded prior to Spirit's purchase (and GPM Apple's lease) stating all roads and drainage easements were to be maintained by Pioneer Plaza. Finally, GPM Apple argued there were no issues

regarding any damages for maintenance because August Properties had "never produced any evidence that it incurred maintenance costs for that portion of Mary Lynn Drive that corresponds with the access easement."

To the contrary, August Properties argued that based on this Court's remand for further findings and the circuit court's subsequent order referring the parties to mediation, a valid argument and claim existed post-appeal. August Properties asserted that its sale of the easement did not affect GPM Apple's prior "obligations to pay their share of the costs for the repair, maintenance, and upkeep of the private road access." To support its claim for damages, August Properties presented *only* one email from its legal counsel to opposing counsel relaying a settlement offer that stated, in full:

> My Client is willing to accept a flat fee or bill per quarter of $125.00 per week ($500.00 per month) for the cleaning of the roadway and grass areas, drain pipe cleaning issues and replacement of stolen grates, mowing (equipment and labor), snow and ice removal (service, equipment, labor and material), painting of roadway and signage, repairs to curbs and landscape caused by traffic to your Client's business.
>
> Please consider this offer and I look forward to your response.

There were no attachments, work estimates, bills, nor further explanation as to how August Properties arrived at the $125 per week amount. Finally, August Properties did not oppose dismissal of GPM Apple's counterclaim.

In May 2024, the circuit court entered an order granting GPM Apple's motion to dismiss its counterclaim and dismissing August Properties' claim. This order stated August Properties failed to prove actual damages, and as the property had been sold, the claim against GPM Apple was moot.

August Properties filed a motion to alter, amend, or vacate the prior order pursuant to CR[2] 59.05. The circuit court denied that motion but further elaborated as to its rationale. In relevant part, the circuit court held (1) the two recorded plats that stated, in all capital letters, "ALL ROADS AND DRAINAGE EASEMENTS TO BE MAINTAINED BY PIONEER PLAZA" amounted to "'an agreement to the contrary' such that [August Properties] should be liable for all maintenance obligations"; and (2) August Properties "failed to prove actual, calculable damages, aside from estimates[,]" and in fact, "[t]here is no evidence in the record showing that these alleged 'damages' are actual damages based on real, calculable figures that [GPM Apple] allegedly owed [August Properties]." August Properties appealed.

**STANDARD OF REVIEW**

As the circuit court relied on matters outside the pleadings, the motion to dismiss was converted into one of summary judgment. *See D.F. Bailey, Inc. v. GRW Engineers, Inc.*, 350 S.W.3d 818, 821 (Ky. App. 2011) (citing *McCray v. City of Lake*

---

[2] Kentucky Rule of Civil Procedure.

*Louisvilla*, 332 S.W.2d 837, 840 (Ky. 1960); CR 12.02). As such, "[t]he trial court must view the evidence in the light most favorable to the nonmoving party, and summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor." *Lewis v. B&R Corp.*, 56 S.W.3d 432, 436 (Ky. App. 2001) (citing *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 480-82 (Ky. 1991); *Leslie v. Cincinnati Sub-Zero Prods., Inc.*, 961 S.W.2d 799, 804 (Ky. App. 1998)). However, the Kentucky Supreme Court has held that the word "impossible," as set forth in the standard for summary judgment, is meant to be "used in a practical sense, not in an absolute sense." *Id.* at 436 (citing *Perkins v. Hausladen*, 828 S.W.2d 652, 654 (Ky. 1992)). The trial court "must examine the evidence, not to decide any issue of fact, but to discover if a real issue exists." *Steelvest*, 807 S.W.2d at 480.

When a trial court grants a motion for summary judgment, our review is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996) (citing CR 56.03). "We review the trial court's issuance of summary judgment de novo and any factual findings will be upheld if supported by substantial evidence and not clearly erroneous." *Adams v. Sietsema*, 533 S.W.3d 172, 177 (Ky. 2017) (citing *Bd. of Regents of N. Kentucky Univ. v. Weickgenannt*, 485 S.W.3d 299, 306-07 (Ky. 2016)).

"The moving party bears the initial burden of showing that no genuine issue of material fact exists, and then the burden shifts to the party opposing summary judgment to present 'at least some affirmative evidence showing that there is a genuine issue of material fact for trial.'" *Lewis*, 56 S.W.3d at 436 (citing *Steelvest*, 807 S.W.2d at 482). Ultimately, "the focus should be on what is of record rather than what might be presented at trial." *Welch v. Am. Publ'g Co. of Kentucky*, 3 S.W.3d 724, 730 (Ky. 1999).

## ANALYSIS

On appeal, August Properties argues the circuit court erred: (1) by not following this Court's direction on remand; (2) by finding the recorded plats evidenced an agreement to the contrary; and (3) in determining its proof of costs and expenses was not sufficient. We disagree.

First, August Properties argues the circuit court misapplied *Baker* and failed to follow this Court's prior directive. August Properties asserts *Baker* mandates the sharing of easement maintenance costs and the "sole purpose" of remand was for "determining the parties['] maintenance obligations[.]" This assertion is both a misinterpretation of *Baker* and this Court's prior order. As this Court previously stated, *Baker* states a general rule that "in the absence of an agreement to the contrary as set forth in the document creating an easement, where an easement is jointly used by the dominant and servient estates, the cost to maintain the

-8-

easement should be equitably divided between the two estates." *Baker*, 406 S.W.3d at 30; *August Props., LLC*, 2022 WL 188064, at *3. This Court merely instructed the circuit court to apply that rule. As this Court is not permitted factfinding or advisory opinions, our prior order did not direct the circuit court to arrive at a particular outcome. We merely instructed the circuit court to determine the parties' maintenance obligations ***including*** whether the prior recorded plats qualified as "an agreement to the contrary." *Baker*, 406 S.W.3d at 30. The circuit court followed this Court's directive and the rule in *Baker*.

Second, August Properties argues the circuit court erroneously determined the prior plats established "an agreement to the contrary." August Properties does not argue that this finding was clearly erroneous; it merely argues the plats are "irrelevant."[3] However, the circuit court found them to be relevant and dispositive. By filing the plats in the official land records of Scott County, Pioneer Plaza (owned by August Properties) represented to the owners of the bordering estates (including Spirit and GPM Apple) that Pioneer Plaza assumed the burden of maintaining the road and easements. August Properties/Pioneer Plaza could have specified otherwise, but instead chose to state, in all capital letters, that it assumed

---

[3] Surprisingly, August Properties also repeats its improper argument that an email from the Georgetown city attorney establishes that the plat clause in question was only included to demonstrate that the city was not responsible for the easement maintenance. However, as stated clearly by the circuit court, this argument "misconstrues the evidence in the record" as the city attorney's email merely states "[w]hom is responsible for maintenance of Mary Lynn Drive is a private contractual matter between the adjoining property owners."

-9-

responsibility for all the roads and drainage easements.  Thus, the circuit court's finding (of an agreement to the contrary) is not clearly erroneous.

Lastly, August Properties cites to the numerous places in the record wherein it referenced the email settlement offer of $125 per week for maintenance *as proof of costs and damages*.  However, no matter how many times August Properties cites to the same statement in the record, that repetition does not magically morph a settlement offer into proof of damages and/or costs.  As noted by the circuit court, August Properties presented no invoices, checks, billing statements, receipts, or any other documents establishing the reasonable cost of maintenance.  Again, according to *Baker*, if the court had <u>not</u> found an agreement to the contrary, then it would have been required to conduct a reasonableness evaluation as to "the cost of any repairs or maintenance" to the easement.  *Baker*, 406 S.W.3d at 30.  That is a review the circuit court could not have done – even if it had not found an agreement to the contrary – because August Properties provided no such basis for a reasonableness determination.

Therefore, there are no issues of material fact; the circuit court's factual findings were not clearly erroneous; and it appropriately interpreted both this Court's prior opinion and *Baker*.  Ultimately, August Properties' unsupported suppositions were not sufficient to save its claim from dismissal.  *See Jones v. Acuity*, 658 S.W.3d 492, 498 (Ky. App. 2022) (citing *O'Bryan v. Cave*, 202 S.W.3d 585, 588 (Ky. 2006)) ("Unsupported suppositions are not sufficient to save a claim from dismissal.").

## CONCLUSION

Accordingly, we AFFIRM the Scott Circuit Court.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Noel Mark Botts
Harrodsburg, Kentucky

BRIEF FOR APPELLEES:

H. Caywood Prewitt, Jr.
Lexington, Kentucky